Christopher W. Decker, CA Bar No. 229426
christopher.decker@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Petitioner PRIME COMMS RETAIL, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME COMMS. RETAIL, LLC, a Delaware Limited Liability Company<br><br>Petitioner,<br><br>v.<br><br>LAFOLLETTE MARQUIS HENDERSON IV, an individual<br><br>Respondent. | Case No.<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION AND STAY OF STATE COURT PROCEEDING PURSUANT TO FEDERAL ARBITRATION ACT [9 U.S.C. § 4]** |

Petitioner, Prime Comms Retail, LLC ("Prime"), by and through its counsel, files this Petition for an Order Compelling Arbitration and Staying all claims against Prime by Respondent, Lafollette Marquis Henderson IV ("Henderson"), in civil action no. 21STCV10177 in the Superior Court of the State of California, County of Los Angeles ("State Court Action") pending completion of arbitration. This petition is filed pursuant to 9 U.S.C. §§ 1–4 (Federal Arbitration Act) and 28 U.S.C. § 2283.

## I. PARTIES

1. Petitioner Prime Comms Retail, LLC is a Delaware limited liability company with its principal place of business in Sugar Land, Texas. It is a citizen of the State of Texas.

2. Upon information and belief, Respondent Henderson resides in California and is a citizen of the State of California.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked under 9 U.S.C. §§ 1, 2, and 4, and under 28 U.S.C. § 1332. Upon information and belief, the matter in controversy of the dispute to be arbitrated exceeds, exclusive of interest and costs, the sum of $75,000.

## III. FACTUAL ALLEGATIONS

4. At all relevant times, Prime, or its predecessors in interests or assignors, employed Henderson as a District Manager. On or around February 20, 2019, Henderson executed a Mutual Agreement to Arbitrate ("Agreement") agreeing to arbitrate any and all claims arising from his employment at Prime on an individual basis. The Agreement was presented to Henderson as part of his onboarding process shortly after he was hired by Prime in early 2019, having previously been employed by Spring Mobile (which Prime acquired on January 16, 2019). Henderson electronically signed the Agreement, and a record of his electronic signature and acknowledgment is found within Prime's human resources information system. Attached to this Petition as **Exhibit A** is the Agreement executed by Henderson. The Agreement provides:

> "I agree with [Prime] to use binding individual arbitration to resolve any 'Covered Claims' that arise between Prime and me. 'Covered Claims' are those brought under any contract, statute, local ordinance, or common law relating to my employment or other relationship with Prime, including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus, commission or relocation benefits, leaves of absence, accommodations, or termination of employment."

The Agreement further states:

> "Except as provided below, I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Prime and I waive the right to a trial before a judge or jury in federal or state court."

5. The Agreement is a contract between Henderson and Prime that evidences a transaction involving commerce within the meaning of 9 U.S.C. § 2, because Prime is a national sales retailer with national sales and inventory that moves across state lines. Prime employees regularly engage in activities involving goods moving in interstate commerce.

6. Despite executing the valid Agreement, Henderson refused to honor the Agreement to submit his claims to arbitration. Instead, on March 16, 2021, Henderson filed the State Court Action. Attached to this Petition as **Exhibit B** is the complaint filed in the State Court Action. Prime has repeatedly demanded that Henderson submit his claims in the State Court Action to arbitration in accordance with the Agreement, but Henderson has not agreed to do so and continues to prosecute the State Court Action.

7. Prime has been aggrieved by Henderson's failure to arbitrate under the Agreement and initiation of the State Court Action. Pursuant to 9 U.S.C. § 4, Prime requests an order from this Court compelling Henderson to submit *all* claims which arise from his employment with Prime, including those contained in the State Court Action, to binding arbitration.

8. The Federal Arbitration Act applies to Henderson's claims and demands from the State Court Action.

9. Pursuant to 9 U.S.C. § 3, Prime seeks an order from this Court staying all proceedings in the State Court Action until arbitration has been had in accordance with the terms of the Agreement, and for an order, pursuant to 9 U.S.C. § 4, directing Henderson to arbitrate the issues between the parties as provided in the Agreement, including those claims contained in Henderson's State Court Action.

10. The relief and injunction prayed for are specifically provided for by the provisions of the Federal Arbitration Act. 9 U.S.C. §§ 3-4; *see also Circuit City Stores v. Najd,* 294 F.3d 1104 (9th Cir. 2002) (affirming district court order compelling arbitration and staying preexisting state court action pursuant to 9 U.S.C. §§ 3-4. Henderson has breached an obligation to arbitrate any dispute arising out of his employment with Prime. Prime will suffer irreparable harm unless the State Court Action is stayed and Henderson is compelled to arbitrate, on an individual basis, his claims contained in the State Court Action pursuant to the requirements of the Federal Arbitration Act.

## IV. RELIEF REQUESTED

11. WHEREFORE, the Petitioner and movant Prime Comms Retail, LLC respectfully requests that this Court:

    1) Enter an Order on this petition compelling Henderson to submit to arbitration all claims against Prime arising out of his employment with Prime, including arbitration of those claims set forth in the State Court Action;

    2) Enter an Order enjoining Henderson from prosecuting the State Court Action and/or Staying the State Court Action pending arbitration; and

    3) Award Prime such other and further relief as may be proper.

| | | |
|---|---|---|
| 1 | DATED: August 26, 2022 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Christopher W. Decker<br>Christopher W. Decker<br>Attorneys for Petitioner PRIME COMMS RETAIL, LLC |